# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00011-FDW

| | |
|---|---|
| RANDY SCOTT CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHNATHAN STARNES, et al. ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Randy Scott Chapman ("Plaintiff") is an inmate of the State of North Carolina, currently incarcerated at Catawba Correctional Center in Newton, North Carolina. Plaintiff filed this action on February 1, 2019, pursuant to 42 U.S.C. § 1983, based on conditions while he was confined at Alexander County Jail (the "Jail") in Taylorsville, North Carolina. Plaintiff has named four Defendants, both in their official and individual capacities: (1) Johnathan Starnes, identified as an Assistant Administrator/Lieutenant at the Jail; (2) Adrian Davis, identified as an Assistant Administrator/Lieutenant at the Jail; and (3) Phillip Starnes, identified as an Administrator/Captain at the Jail. [Doc. 1]. Plaintiff alleges that he was put in a cell that "had no drinking water" for a period of approximately seven days as punishment for having two mats on his bed, because Plaintiff "was only allowed one mat." [Doc. 1 at 3]. Plaintiff also alleges that Defendants were aware or should have known "what was taken place in the jail." [Id. at 3-4].

Plaintiff attempts to bring claims against these Defendants for various constitutional violations, including an Eighth Amendment claim against Defendant Johnathan Starnes for cruel and unusual punishment and claims against Defendants Davis and Phillip Starnes for denial of Equal Protection of the Law. [Id. at 3-4.] Plaintiff also makes a general claim against Defendant Davis for denial of water, which the Court will construe as an Eighth Amendment claim. [Id. at 3].

Plaintiff claims that as a result of being held in a cell with no drinking water for seven days, he "started to experience bad cramps, chaped [*sic*] lips, and back pain" and high blood pressure. [Id. at 4-5].

For relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's Eighth Amendment claim against Defendants Johnathan Starnes and Davis survives initial review in that it is not clearly frivolous.

As to Plaintiff's claim that he was denied equal protection of the law, Plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). While the Court might infer that Plaintiff was treated differently by being placed in a

cell "with water problems," Plaintiff has not alleged any facts tending to show that Defendants participated in any purposeful discrimination. Thus, Plaintiff fails to state a Fourteenth Amendment Equal Protection claim and this claim does not survive initial review. As such, Defendant Phillip Starnes will be dismissed as a Defendant in this case.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's Complaint survives initial review as to Plaintiff's Eighth Amendment claim against Defendant Jonathan Starnes and Defendant Davis under 28 U.S.C. § 1915(e) and § 1915A, but not as to Plaintiff's Fourteenth Amendment claim. Defendant Phillips Starnes, therefore, will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint [Doc. 1] survives initial review under 28 U.S.C. § 1915(e) and § 1915A as to Plaintiff's Eighth Amendment claim, but not as to Plaintiff's Fourteenth Amendment claim. Defendant Phillip Starnes shall be dismissed.

(2) The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants Johnathan Starnes and Defendant Davis in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Signed: November 27, 2019

Frank D. Whitney
Chief United States District Judge