IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-CV-00011-MR

| | |
|---|---|
| RANDY SCOTT CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| JONATHAN STARNES, et. al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment. [Doc. 35].

I.   **PROCEDURAL BACKGROUND**

On February 1, 2019, Plaintiff Randy Scott Chapman, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Jonathan Starnes and Adrian Davis, identified as Lieutenants with the Alexander County Sheriff's Office ("Sheriff's Office"),[1] violated Plaintiff's rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment in their individual and official capacities. [Doc. 1].

---

[1] In their memorandum, Defendants identify Defendant Starnes as a Captain in the Sheriff's Office. [See Doc. 35-3 at 1]. In his Affidavit, however, Defendant Starnes testifies that he is a Lieutenant. [Doc. 35-1 at ¶ 3: Starnes Aff.].

Plaintiff alleged that, while he was held at the Alexander County Jail (the "Jail), he was put in a cell that "had no drinking water" for a period of approximately seven days as punishment for having two mats on his bed, because Plaintiff "was only allowed one mat." [Doc. 1 at 3]. Plaintiff also alleged that Defendants were aware or should have known "what was taken [*sic*] place in the jail." [Id. at 3-4]. Plaintiff further alleges that he had to seek medical care from the deprivation of water. [Id. at 5]. Plaintiff's Eighth Amendment claim survived initial review under 28 U.S.C. §§ 1915(e) and 1915A.[2] [Doc. 11 at 4].

On July 21, 2020, Defendants moved for summary judgment. [Doc. 35]. Defendants argue that summary judgment should be granted because Defendants did not violate Plaintiff's rights under the Eighth Amendment.[3] [Doc. 35-3]. In support of their summary judgment motion, Defendants have submitted their own Declarations and certain prison records. [Docs. 35-1 through 35-3].

Thereafter, the Court entered an order in accordance with Roseboro v.

---

[2] Plaintiff also named Phillip Starnes, identified as a Captain at the Sheriff's Office, as a Defendant in this matter. [See Doc. 1 at 2]. Defendant Phillip Starnes was dismissed on initial review. [Doc. 11 at 4].

[3] Defendants separately argue that Plaintiff cannot prove that the denial of water was the result of a custom or practice at the Jail of punishing inmates who had two mattresses. [Doc. 35-3 at 11-15]. Plaintiff's Complaint, however, cannot be fairly read to assert such a claim and the Court declines to further address this issue or its implications.

2

Case 5:19-cv-00011-MR    Document 37    Filed 02/01/21    Page 2 of 10

Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 36]. The Plaintiff was specifically advised that he "may not rely upon mere allegations or denials of allegations in his pleadings to defeat a summary judgment motion." [Id. at 2]. Rather, he must support his assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." [Id. (citing Fed. R. Civ. P. 56(c)(1)(a))]. The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Id. at 3-4 (citing Fed. R. Civ. P. 56(c)(4))]. Plaintiff has filed nothing in response to Defendants' summary judgment motion. Thus, in terms of evidentiary forecast, the Defendants' is unrefuted.

3

Case 5:19-cv-00011-MR   Document 37   Filed 02/01/21   Page 3 of 10

## II.  STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

4

"depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. FACTUAL BACKGROUND

The uncontroverted forecast of evidence shows the following.

Plaintiff was incarcerated at the Jail from November 9, 2016 through January 3, 2018. [Doc. 35-1 at ¶ 6: Starnes Aff.]. Defendant Starnes and

5

Case 5:19-cv-00011-MR    Document 37    Filed 02/01/21    Page 5 of 10

Defendant Davis are both Lieutenants with the Sheriff's Office. [Id. at ¶ 3; Doc. 35-2 at ¶ 3: Davis Aff.]. Their duties include assisting in day-to-day operations of the Jail. [Id. at ¶ 4; Doc. 35-2 at ¶ 4]. At the Jail, every inmate is given three meals per day, including drinks. As part of their "welcome pack," inmates are provided a cup. [Doc. 35-1 at ¶ 6]. Every inmate has three hours per day of recreation time in the common area. While in the common area, inmates have access to drinking water at all times. Further, it is customary for inmates to fill up their cup with water and bring the cup to their cell when they are not on recreation time. [Id. at ¶ 7]. Further, canteen items are available for purchase by inmates two times per week. [Id. at ¶ 8].

On July 13, 2017, Plaintiff was moved from his old cell location, Pod-g, G12, to a new cell location, Pod-b, B14, for disciplinary reasons. Plaintiff, however, did not lose any privileges with this move (i.e., canteen, recreation time, phone privileges). [Doc. 35-1 at ¶ 9, p. 6]. On July 19, 2017, Defendant Davis spoke with Plaintiff and became aware that the water pressure in Plaintiff's cell was low. Defendant Davis placed a work order the same day. [Doc. 35-2 at ¶¶ 6-7; Doc. 35-1 at 8]. Work orders are prepared to reflect the specific issue so that maintenance staff knows what to bring for the repair. The work order for Plaintiff's cell specified "low water pressure," as opposed to "no water pressure." [Doc. 35-1 at ¶ 10]. The water pressure in Plaintiff's

6

cell was fixed the next day. [Id.; Doc. 35-2 at ¶ 7].

On July 20, 2017, the same day the water pressure was fixed, Plaintiff filed a grievance complaining that he had had no water in his cell since July 13, 2017. [Doc. 35-1 at 10]. In his grievance, Plaintiff claimed to have told "Mr. Baker" about the "water problem" in his cell on July 13, 2017. Plaintiff's also claimed that he "[kept] telling officers of the problem." [Id.]. Plaintiff's grievance was received on July 21. On July 24, 2017, Defendant Starnes responded to Plaintiff's grievance, advising Plaintiff that "Administration was not aware of the water being broke [sic] till 07/19/17. L.T [sic] Davis put in a work order on 07/19/17. Work order was completed on 07/20/17." [Id.].

## IV. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S.

294, 298 (1991) (internal quotation omitted)). Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Here, the uncontroverted forecast of evidence establishes that there is no genuine issue of material fact on Plaintiff's conditions of confinement claim. The uncontroverted forecast of evidence does not show any extreme deprivation. Nor was Plaintiff denied "the minimal civilized measure of life's necessities." See Hudson v. McMillian, 503 U.S. at 9.

The forecast of evidence also shows that Defendant Davis was aware of the issue only one day before it was fixed and that he placed a work order when he learned of the issue.[4] As to Defendant Starnes, the forecast of evidence shows that he did not become aware of the issue until after it was fixed when he addressed Plaintiff's grievance. The forecast of evidence also shows that Plaintiff had access to water and other beverages at all three mealtimes every day and unlimited access to water during his three hours of recreation time every day. Plaintiff was also allowed to bring water to his cell

---

[4] Plaintiff alleges that the water problem existed for seven days, not one. [Doc. 1 at 2-3]. Plaintiff, however, fails to support this allegation with any evidence. Plaintiff also asserted this in his grievance, [Doc. 35-1 at 10], but that only contains Plaintiff's self-serving allegation which would be inadmissible hearsay unless offered against the Plaintiff.

from the recreation area. There is simply no forecast of evidence that either Defendant knew of and disregarded a substantial risk of serious harm to Plaintiff. See Farmer v. Brennan, 511 U.S. at 847. As such, no rational trier of fact could find for Plaintiff and there is no genuine issue for trial. See Ricci, 129 S. Ct. at 2677.

In sum, there is no genuine issue of material fact as to Plaintiff's Eighth Amendment conditions of confinement claim and it will be dismissed on those grounds.[5]

## V. CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motion for summary judgment.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 35] is **GRANTED** and this action is hereby **DISMISSED with prejudice**.

The Clerk is instructed to correct the docket in this matter to reflect the correct spelling of Defendant Starnes' first name, Jonathan.

The Clerk is instructed to terminate this action.

---

[5] Although not argued by Defendants, the Court also notes that since there is no evidence of a constitutional violation, qualified immunity bars Plaintiff's individual capacity claims against Defendants. See Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

**IT IS SO ORDERED**.

Signed: February 1, 2021

Martin Reidinger
Chief United States District Judge

10

Case 5:19-cv-00011-MR   Document 37   Filed 02/01/21   Page 10 of 10